JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant PETER OGO AGUERO



**FILED**
DISTRICT COURT OF GUAM
OCT - 3 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 07-00004 |
| Plaintiff, | ) RESPONSE TO DRAFT PRESENTENCE ) REPORT |
| vs. | ) |
| PETER OGO AGUERO, | ) |
| Defendant. | ) |

Defendant, PETER OGO AGUERO, by and through counsel, John T. Gorman, Federal Public Defender, respectfully accepts and adopts the Draft Presentence Investigation Report (PSI) with the following exceptions.

Mr. Aguero respectfully submits that his Total Offense Level under the advisory United States Sentencing Guidelines (U.S.S.G.) is 13, not 17 as recommended in the PSI. Mr. Aguero submits that his correct Base Offense Level (BOL) is 12 as he was not a prohibited person at the time of the offense. He also submits that the PSI's proposed 4 level increase for possession of a firearm in connection with another felony offense under U.S.S.G. § 2K1.3(b)(3)(b) in unwarranted. As Mr. Aguero's correct Total Offense Level is 13, with a criminal history category I, his correct advisory guideline sentence range is 12-18 months.

### I. Mr. Aguero's Base Offense Level (BOL) is 12 Not 14 or 16 As He Was Not a Prohibited Person at the Time of This Offense.

Paragraphs 49 and 56 of the PSI claim that Mr. Aguero's BOL under § 2K2.1(a)(6) for Count I and § 2K1.3(a)(4) for Count VI is either 14 or 16 as he was a prohibited person at the time of the offense. This is incorrect and unsupported by any credible evidence.

Section 2K2.1 Commentary Note 3 states that a prohibited person means any person described in 18 U.S.C. § 922(g) or § 922(n). 18 U.S.C. § 922(g) defines a prohibited persons as any person:

> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> (2) who is a fugitive from justice;
>
> (3) who is an unlawful user of or addicted to any controlled substance (as defined in § 102 of the Controlled Substances Act (21 U.S.C. 802));
>
> (4) who has been adjudicated as a mental defective or who has been committed to an mental institution;
>
> (5) who being an alien -
>
> (A) is illegally or unlawfully in the United States; or
>
> (B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in § 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26));
>
> (6) who having been discharged from the Armed

2

Forces under dishonorable conditions;

    (7) who, having been a citizen of the United States, has renounced his citizenship;

    (8) who is subject to a court order that -

        (A) was issued after a hearing in which such person received actual notice, and at which such person had an opportunity to participate;

        (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner in reasonable fear of bodily injury to the partner or child; and

        (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

        (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or

    (9) who has been convicted in any court of a misdemeanor crime of domestic violence."

18 § U.S.C. 922(n) defines a prohibited person as someone;

    . . . who is under indictment for a crime punishable by imprisonment for a term exceeding one year . . .

Section 2K1.3 Commentary Note 3 bases its definition of a prohibited person on 18 U.S.C. § 842(I) which defines a prohibited person as anyone:

    (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

(2) who is a fugitive from justice;

(3) who is an unlawful user of or addicted to any controlled substance (as defined in § 102 of the Controlled Substances Act (21 U.S.C. 802));

(4) who has been adjudicated as a mental defective or who has been committed to an mental institution;

(5) who is an alien, other than an alien who -

(A) is lawfully admitted for permanent residence (as that term is defined in § 101(a)(20) of the Immigration and Nationality Act);

(B) is in lawful nonimmigrant status, is a refugee admitted under § 207 of the Immigration and Nationality Act (8 U.S.C. 1157), or is in asylum status under § 208 of the Immigration and Nationality Act (8 U.S.C. 1158), and -

(i) is a foreign law enforcement officer of a friendly foreign government as determined by the Secretary in consultation with the Secretary of State, entering the United States on official law enforcement business, and the shipping, transporting, possession, or receipt of explosive materials is in furtherance of this official law enforcement business; or

(ii) is a person having the power to direct or cause the direction of the management and policies of a corporation, partnership, or association licensed pursuant to § 843(a), and the shipping, transporting, possession, or receipt of explosive materials is in furtherance of such power;

(C) is a member of the North Atlantic Treaty Organization (NATO) or other friendly foreign military force, as determined by the Attorney General in consultation with the Secretary of Defense, who is present in the United States under military orders for training or other military purpose authorized by the United States and the shipping, transporting, possession or receipt of explosive materials is in furtherance of the authorized military purpose; or

4

(D) is lawfully present in the United States in cooperation with the Director of Central Intelligence, and the shipment, transportation, receipt or possession of the explosive materials is in furtherance of such cooperation;

(6) who having been discharged from the Armed Forces under dishonorable conditions;

(7) who, having been a citizen of the United States, has renounced the citizenship of that person.

None of the conditions listed in 18 U.S.C. § 922(g), (n) or § 842(I) apply to Mr. Aguero. Our inquiry is hampered by the fact that the PSI does not state which possible condition makes Mr. Aguero a prohibited person. The only seemingly plausible condition which might apply to Mr. Aguero is the illegal controlled substance user or addict condition.[1] However, there is no evidence that Mr. Aguero is a drug user or an addict. On the contrary, there is substantial evidence that he does not use drugs or is a addict. There is no evidence in the PSI regarding Mr. Aguero's drug use. He has never tested positive for drug use. In fact, as the PSI notes in paragraph 78, between January 13, 2007 and August 31, 2007, he "tested negative for drug use on 35 occasions".

There is no evidence to support the claim that Mr. Aguero was a prohibited person at the time of the offense. Pursuant to § 2K2.1(a)(7) for Count I and pursuant to § 2K1.3(a)(5) for Count VI, his correct BOL is 12.

---

[1] The PSI incorrectly states in paragraph 25 that in regard to an alleged shortcoming in a small bag of marijuana being sold, Mr. Aguero stated that "his wife smoked some of it". However, the police report in question actually said, "Linda stated that she smoked some of it."

5

## II. The Pest Control Devices Were Not Possessed in Connection with Another Felony Offense, thus, the PSI's Proposed 4 Level Increase Pursuant to § 2K1.3(b)(3)(b) is Unwarranted.

The PSI recommends that Mr. Aguero receive a 4 level increase in his offense level under § 2K1.3(b)(3)(b) as he possessed the pest control devices in connection with another felony offense. The PSI claims in paragraph 57 that he possessed explosive materials in connection with possession and sale of marijuana. This is incorrect and unsupported by the evidence.

### A. The § 2K1.3(b)(3)(b) Enhancement Is Unwarranted as the Explosive Materials Did Not Facilitate or Play an Emboldening Role in the Additional Felony.

The Ninth Circuit has developed a two-pronged approach to the application of whether a firearm or explosive material is used or possessed in connection with another felony offense. The first prong requires that the government establish that the firearm or explosive material was used in connection with another felony. The second prong requires a showing that the firearm or explosive material was actually or constructively in the defendant's possession and the manner of its possession "permits an inference that it facilitated or potentially facilitated . . . defendant's felonious conduct." United States v. Polanco, 93 F.3d 555, 566-67 (9th Cir. 1996). The government has "to make a greater showing than a defendant's mere possession of a firearm to obtain a § 2K2.2(b)(5) enhancement". United States v. Routon, 25 F.3d 815, 819 (9th Cir.

6

1994).[2]

A review of the facts shows the government has not met its burden of proof. The only facts connecting the pest control devices and the marijuana is that a small bag of marijuana was sold at the same time as the pest control devices. There is no evidence that Mr. Aguero traded drugs for the pest control devices or vice-versa. There is also no evidence that he was using the pest control devices to protect the small bag of marijuana. Other than mere proximity, there are no facts that show the pest control devices facilitated or potentially facilitated the sale of the small bag of marijuana. Mr. Aguero submits that the proposed 4 level increase based on § 2K1.3(b)(3)(b) is unproven and unwarranted.

**CONCLUSION**

Mr. Aguero submits that his correct Base Offense Level (BOL) is 12 as he was not a prohibited person at the time of the offense. He also submits that the PSI's proposed 4 level increase for possession of explosive materials in connection with another felony offense under § 2K1.3(b)(3)(b) is unwarranted.

<u>Count I Offense Calculation.</u> BOL of 12 pursuant to § 2K2.1(a)(7), plus 2 levels pursuant to § 2K2.1 (b)(1)(a) as the offense involves 3-7 firearms, plus 2 levels pursuant to § 2K2.1(b)(4) as one weapon had an obliterated serial number, minus 3 levels for Acceptance of Responsibility equals an Total Offense Level of 13.

---

[2] Both <u>Polanco</u> and <u>Routon</u> interpret Section 2K2.1(b)(5). However the same reasoning controls here as the language in Section 2K2.1(b)(5) and Section 2K1.3(b)(3)(b) is essentially identical and the upward departures are the same.

Count VI Offense Calculation. BOL of 12 pursuant to § 2K1.3(a)(5), minus 2 levels for Acceptance of Responsibility equals an Adjusted Offense Level of 10.

Pursuant to § 3D1.1 and § 3D1.4, Mr. Aguero's correct Total Offense Level is 13. As his criminal history category is I, his correct advisory guideline sentence range is 12-18 months.

DATED: Mongmong, Guam, October 3, 2007.

/s/ John T. Gorman
JOHN T. GORMAN
Attorney for Defendant
PETER OGO AGUERO

## CERTIFICATE OF SERVICE

I, ALEXANDER MODABER, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on October 3, 2007:

>ROSETTA SAN NICOLAS
>Assistant United States Attorney
>Sirena Plaza
>108 Hernan Cortez, Ste. 500
>Hagatna, Guam 96910
>
>Attorney for Plaintiff
>UNITED STATES OF AMERICA
>
>
>STEPHEN P. GUILLIOT
>U.S. Probation Officer
>U.S. Probation Office
>Districts of Guam and NMI
>2nd Floor, U.S. District Court
>
>JOAQUIN C. ARRIOLA, JR.
>Arriola, Cowan & Arriola
>C & A Building
>259 Martyr Street, Suite 201
>Hagatna, Guam 96932
>
>DATED: Mongmong, Guam, October 3, 2007.

_____
ALEX MODABER
Investigator to

JOHN T. GORMAN
Attorney for Defendant
PETER OGO AGUERO