

```
peteraguerorsp

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500 Sirena Plaza
238 Archbishop Flores Street
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334
```

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>PETER OGO AGUERO,<br><br>        Defendant. | CRIMINAL CASE NO. 07-00004<br><br>**UNITED STATES' RESPONSE<br>TO DEFENDANT'S STATEMENT<br>OF OBJECTIONS TO DRAFT<br>PRESENTENCE REPORT** |

      Defendant pled guilty on March 7, 2007 to Count I - Dealing in Firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and Count VI - Sale of Explosive Materials, in violation of Title 18, United States Code, Sections 842(h). The Government will move to dismiss Counts II, V, VII, and IX and X at time of Sentencing. On October 3, 2007, defense filed an objection to the draft Presentence Report. The Government files this response.

**Statement of the Facts**

      On February 25, 2005, in the District of Guam, defendant PETER OGO AGUERO engaged in the business of dealing in firearms. Peter Ogo Aguero wilfully sold a firearm, specifically a Savage Shotgun, .12 gauge, Serial Number obliterated, to another person and received U.S. currency in exchange. At the time the defendant sold the Savage Shotgun, he did not have a license to do so.

On or about February 25, 2005, defendant Peter Ogo Aguero sold explosive materials, specifically commercial blasting caps with red and white leg wires, knowing and having reasonable cause to believe that the explosive materials were stolen. Defendant received U.S. Currency in exchange for the blasting caps, which are regulated explosive devices which the defendant knew or had reason to believe was stolen. Both the firearm and explosives were transported in interstate or foreign commerce. Defendant devoted time, attention and labor to dealing in firearms as a regular course of business with the principal objective of profit through the repetitive purchase and resale of firearms.

The Government will elicit facts as provided in the Discovery from Special Agents with the Alcohol, Tobacco, Firearms and Explosives (ATF). The facts pertain to the sale of the shotgun, the explosives, statements made by the defendant, and the role that the marijuana played in the sales.

### 922(g) Prohibited Person

The Government concurs with defense's argument that defendant is not a "prohibited person", therefore the enhancement for a prohibited person is inapplicable.

### 2K1.3(b)(3)(b)

The Government disputes defense's argument that the 2K1.3(b)(3)(b) is inapplicable.

Section 2K1.3(b)(3)(b) of the U.S. Sentencing Guidelines states:

(3) If the defendant (A) was convicted under 18 U.S.C. §842(p)(2); or (B) used ir possessed any explosive material in connection with **another felony offense; or possessed or transferred any explosive material with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense**, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18. U.S.S.G. 2K1.3(b)(3)(b). Emphasis added.

The application note to this section reads:

11. As used in subsections (b)(3) and (c)(1), "another felony offense" and "another offense" refer to offenses other than explosives or firearms possession of trafficking offenses. However, where the defendant used or possessed a firearm or explosive to facilitate another firearms or explosive offense (e.g. the defendant used or possessed a firearm to protect the delivery of an unlawful shipment of explosives), and upward departure under 5K2.6 (Weapons

and Dangerous Instrumentalities) may be warranted.

Defendant's sentence should be enhanced by 4 levels pursuant to 2K1.3(b)(3)(B).

In U.S. v. Fox, 137 F.3d 527 (7th Cir., 1998), defendant argued that a four level enhancement of 2K1.3(b)(3)(B) should not apply. The Court of Appeals reviewed the District Court's findings of fact underlying the sentencing guidelines for clear error. Fox, 137 F.3d 527. The Court of Appeals held that the District Court did not err in applying the 2K1.3(b)(3)(B) enhancement concluding that the defendant knew or had reason to believe that the subsequent use or possession of explosives was going to be in connection with another felony offense. The Court held "In support of its finding, the district court focused on: (1) Fox's extensive discussions with Agent Kozlowski about how to hook up explosives to a car; (2) his explanation that the FBI would not be able to trace use of the explosives back to Kozlowski; and (3) his statement when he exited the car, which was "I don't even want to know how you're going to use this." Fox, 137 F.3d 531. Because the defendant explained how to detonate explosives, how to attach explosives to a car battery, and discussed the possibility of obtaining more explosives - that it was reasonably foreseeable that the stolen explosives would be used or possessed for an illegal purpose.

In this case, defendant Aguero contacted the CI to see if he wished to purchase marijuana and obtain "seals." Defendant discussed a future gun sale, that he would sell the CI a .12 gauge shotgun which was registered, and later report it stolen. He also indicated that he would obtain more blasting caps to sell. Defendant then stated that he used blasting caps by placing them into the gas tank of a vehicle parked at a U.S. Post Office and detonated it, causing the car to explode. Defendant also stated that he used the caps to set fire to the Ordot Landfill. The defendant's comments lay a foundation that the defendant "used explosive materials in connection with another felony offense" - that is the distribution of marijuana, as well as "possessed or transferred any explosive material with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."

The Government intends to make a record of these statements as well as others made by the defendant in support of the enhancement and will do so at Sentencing recognizing that the

Government has the burden of proof by a preponderance of the evidence. U.S. v. Mezas de Jesus, 217 F.3d 638 (9th Cir. 2000).

## CONCLUSION

The Government agrees that the defendant does not qualify as a "prohibited person". However, the Government contends that the four level enhancements of 2K1.3(b)(3)(b) should properly apply.

DATED this 9th day of October, 2007.

                                        LEONARDO M. RAPADAS
                                        United States Attorney
                                        Districts of Guam and CNMI

By: _____
      ROSETTA L. SAN NICOLAS
      Assistant U.S. Attorney